**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01340-003-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| David O'Hanlin, | |
| Defendant. | |

Pending before the Court is Defendant's "Motion for Final Disposition under 18 U.S.C. App. 2, § 2, Art. I - IX and for Petition for Habeas Corpus Ad Subjiciendum/Proseque[n]dum under 28 U.S.C. § 2241(c)(5) therefor." (Doc. 168.) The Government has filed a response. (Doc. 170.)

Defendant, who is presently in state custody, has asserted his right under the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2, for final disposition of the federal charge pending against him before this Court in 4:13-MJ-02554-JR. The Government asserts that it will request a writ of habeas corpus ad prosequendum for Defendant's temporary transfer to federal custody for resolution of the pending charge. The record in 4:13-MJ-02554-JR at Doc. 4 reflects that on May 16, 2018, the Government requested and the Court issued a writ of habeas corpus ad prosequendum directing the U.S. Marshal to produce Defendant for an initial appearance on June 4, 2018 before the United States District Court for the District of Arizona. Accordingly, Petitioner's request for transfer and final disposition under the Interstate Agreement on

Detainers Act, and his "Petition for Habeas Corpus Ad Subjiciendum/Proseque[n]dum under 28 U.S.C. § 2241(c)(5)"[1] are moot.

Petitioner also requests that the Court modify the federal sentence in the instant matter and any sentence that may arise under 4:13-MJ-02554-JR so that the federal sentences will run concurrently with his state sentences that he is currently serving. The Court will deny Defendant's request. Generally, the district court may not alter a term of imprisonment once it has been imposed. *United States v. Ornelas,* 825 F.3d 548, 549 (9th Cir. 2016) (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3582(c) (discussing limited circumstances where the court may modify a term of imprisonment once it has been imposed).. As set forth in the Government's response, none of the exceptions listed in § 3582(c) are present in this case. Further, any action on a sentence yet to be imposed in 4:13-MJ-02554-JR, where prosecution is just commencing, is premature.

IT IS THEREFORE ORDERED that Defendant's "Motion for Final Disposition under 18 U.S.C. App. 2, § 2, Art. I - IX and for Petition for Habeas Corpus Ad Subjiciendum/Proseque[n]dum under 28 U.S.C. § 2241(c)(5) therefor" (Doc. 168) is DENIED.

Dated this 31st day of May, 2018.

Honorable Jennifer G. Zipps
United States District Judge

---

[1] Under 28 U.S.C. § 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(5).